Common Pleas Court of Sandusky County.

JOSEPHINE FISHER V. THE HENKEL-CLAUSS CO.*

Decided February 26, 1932.

---

*Decision affirmed by Court of Appeals without opinion. Motion to certify overruled by Supreme Court November 2, 1932.

*Cowan, Adams & Adams* and *Stahl, Stahl & Stahl,* for plaintiffs.

*A. V. Baumann,* for defendant.

OVERMYER, J.

It is the view of this court, after examining the briefs and authorities, that an "appeal" under Section 1465-90, General Code, is not "commenced" by the filing of a petition alone, for that very statute requires summons to issue. If no summons is issued there is no appeal, no one brought before the court, no action pending against any one, no suit begun.

In the 120 O. S. cited by both counsel, the court say on page 448,

"The order of the Industrial Commission of December 21, 1926, was a final order, and the statute of limitations, *within which an appeal is authorized to be prosecuted* to the Court of Common Pleas, *began to run from the date* the defendants in error received notice of such final order," etc.

What began to run on that date? The sixty day period, of course. What is the "limitation within which an appeal is authorized to be prosecuted"? The sixty day period. Now, is any action "prosecuted" by the mere filing of a petition? No, not when the statute prescribes that summons shall issue. The filing of a petition brings no one before the court, confers no rights and creates no obligations, stops no statute of limitations from running in any other proceeding known to the court, and this court feels certain that under this statute the mere filing of a petition within sixty days without summons being issued within that time, confers no jurisdiction. At any rate, the question is so important it should be settled before proceeding further with the case.

This court agrees fully with the trend of decisions liberally construing the provisions of the workmen's compensation law, but as the Supreme Court say in the decision above referred to, we have no power to extend the period of time within which an appeal or error proceding may be prosecuted, and if the court is correct in its construc-

tion of the statute, then to overrule the motion would be an extension of the sixty day period.

The motion to quash service will be allowed, with exceptions.