**HOUCK v CHRYSLER CORPORATION**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1174. Decided May 17, 1933

Frank W. Krehbiel, Dayton, for plaintiff in error.

James & Coolidge, Dayton, for defendant in error.

HORNBECK, PJ.

The question presented for determination is whether the service of summons upon the defendant was made within the statutory period. The trial court in passing upon the question followed **Fisher v Henkle-Clauss Company, 13 Abs 392,** the syllabi of which case is:

"1. The mere filing of a petition in the Court of Common Pleas on appeal from an action of the Industrial Commission as authorized by §1465-90 GC within the sixty day period therein limited for the taking of such appeal does not confer jurisdiction upon the Common Pleas Court, where no praecipe for summons was filed nor any summons issued until after the expiration of the sixty day period.

2. The court has no power to extend the period of time prescribed by §1465-90 GC for taking an appeal from an action of the Industrial Commission to the Court of Common Pleas."

In so acting, in our judgment, the trial court was correct. So much of the statute now effective as is pertinent §1465-90 GC reads:

"If the commission, after such hearing, finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the Common Pleas Court of the county wherein the injury was inflicted, * * *. If the claimant is seeking compensation from an employer who has qualified to pay compensation direct, as provided by §1465-69 GC * * * the defendant in such action shall be such employer and summons shall issue to such employer."

The claim of plaintiff is that the statute contemplates only that the action shall be instituted by the filing of petition within sixty days after receipt of notice of the denial of the application for rehearing. The defendant contends as the court held in the Fisher case, supra, that the general statutes §§11230 and 11231 GC should be read in connection with §1465-90 GC. This in our judgment, meets more fully the theory of our legislation on the institution of actions at law. To construe the statute as contended for by plaintiff would permit a claimant by the mere filing of a petition without the proper service of summons to compel a defendant for an interminable period to answer a claim for compensation. It is probable that §1465-90 GC contemplates that process shall be served as provided in §§11230 and 11231 GC.

Sec 11230 GC provides, in so far as pertinent, that

"An action shall be deemed to be commenced * * *, as to each defendant, at the date of the summons which is served on him * * *,"

**Sec 11231 GC** provides:

"Within the meaning of this chapter, an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days."

As the plaintiff did not cause proper service of summons to be made upon the defendant within the provisions of either of these sections, the motion to dismiss was properly sustained.

Some suggestion is made in the brief of counsel for plaintiff that the person originally served was to all intents and purposes a managing agent of defendant company and that the service was proper. If this be true, some action should have been taken to correct the return of the sheriff. As the record comes to us, the service was not made upon a proper officer or agent of the company under the statute.

Judgment of the trial court will be affirmed.

KUNKLE and BARNES, JJ, concur.